The State v. Pierce.

---

THE STATE OF KANSAS v. C. H. PIERCE, *et al.*

DRUGGISTS' BOND, *Action Upon.* A civil action may be maintained by the state on the druggists' bond provided for in ₹2, of chapter 128 of the Laws of 1881, for a breach thereof, without any previous criminal prosecution or conviction of the principal therein.

### Error from Wilson District Court.

ACTION on a druggists' bond, given under ch. 128, Laws of 1881, brought by *The State of Kansas* against *C. H. Pierce* as principal, and *Charles Blume* and *James Wiley* as sureties in said bond. Trial at the September Term, 1881, of the district court, and judgment for the defendants. *The State* brings the case here. The facts sufficiently appear in the opinion.

*S. S. Kirkpatrick,* county attorney, for The State.

*T. J. Hudson,* and *C. C. Chase,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on a druggists' bond, given under chapter 128, Laws of 1881. The petition sets out the giving of the bond, attaches a copy thereof, and

alleges a breach of the bond in a violation by the principal of the requirements of said chapter 128. To this petition a demurrer was sustained, and from this ruling the state brings error.

But a single question is presented, and that is, whether a conviction of the principal is an essential prerequisite to an action on such bond. The district court held that it is, and therefore sustained the demurrer. Section 2 of said chapter 128, after providing for the filing of a petition for and issue to a druggist of a permit: reads: "He shall also file with such petition a good and sufficient bond to the state of Kansas, in the sum of twenty-five hundred dollars, conditioned that such applicant will neither use, sell, barter, nor give away any of the liquors mentioned in section 1 of this act, in violation of any of the provisions of this act; *and on such violation,* said bond shall thereby become forfeited." This language controls this question, and compels a reversal of the decision of the district court.

The bond is forfeited by a violation of the statute, and not upon a conviction for such violation; so reads the letter of the section. Sections 9 and 13 provide for the effect of a conviction. The former provides that a druggist shall forfeit his permit as well as be fined or imprisoned, in case of conviction; so that the legislature, in separate sections, has provided for the effect of a conviction, as well as that of an unconvicted violation of the law. Of course this is simply a question of statutory construction, for that the legislature can prescribe the conditions upon which any official or *quasi* official bond may be forfeited, is undoubted. Here it is provided that upon a violation of the law, a breach of the trust reposed in him, the druggists' bond shall be forfeited. Nowhere is it in terms or by implication prescribed that the principal must be found guilty in a criminal prosecution before any civil liability attaches to the obligors on the bond. This bond is a civil contract, like other official bonds or *quasi* official bonds of those holding public offices or discharging public duties. No question is now before us as to the mat-

ter of damages, or the proper amount of recovery, or as to the quantity of evidence necessary to sustain this action, or whether the petition would be sufficient as against a motion to make more specific and definite. The district court held that no action could be maintained until a conviction of the principal. We hold the reverse, and that an action can be maintained on such a bond without any conviction of the principal. As is well said by counsel for plaintiff in error, this bond is a contract between the defendants and the state, and is to be construed by the ordinary principles governing such civil contracts. The death of the principal, his escape from the state, the running of the criminal without that of the civil statute of limitations, do not prevent a civil action on this bond. If a county treasurer embezzles county funds in his care, he may be punished criminally; but whether he be or not so punished, he and the sureties on his official bond are liable to a civil action brought at any time within five years of his embezzlement; and the same is true of any other official or *quasi* official bond, no matter whether criminal liability be ever enforced, or not. Upon a breach of his bond, a civil liability attached to him and his sureties.

The district court erred in its ruling, and its judgment must therefore be reversed, and the case remanded with instructions to overrule the demurrer.

All the Justices concurring.